IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CDX LIQUIDATING TRUST by the            )
CDX LIQUIDATING TRUSTEE,                )
                                         )
                    Plaintiff,           )
                                         )
         v.                              )   Case No. 04 C 7236
                                         )
                                         )   Judge Ronald A. Guzmán
VENROCK ASSOCIATES, VENROCK              )
ASSOCIATES II, L.P., VENROCK ENTRE-      )
PRENEURS FUND, L.P., HAMBRECHT           )
& QUIST CALIFORNIA, H&Q EMPLOYEE         )
VENTURE FUND 2000, L.P., ACCESS          )
TECHNOLOGY PARTNERS, L.P., ACCESS        )
TECHNOLOGY PARTNERS BROKERS              )
FUND, L.P., H&Q CADANT INVESTORS,        )
L.P., CHASE EQUITY ASSOCIATES, L.L.C.,   )
J.P. MORGAN PARTNERS (BHCA), L.P., KB    )
PARTNERS VENTURE FUND II, L.P., KB       )
PARTNERS AFFILIATES FUND II, L.P.,       )
ERIC COPELAND, C.H. RANDOLPH LYON,       )
STEPHAN OPPENHEIMER, KEITH BANK,         )
CHARLES WALKER and VENTURE LAW           )
GROUP,                                   )
                                         )
                    Defendants.          )

## MEMORANDUM OPINION AND ORDER

Seventeen of the eighteen defendants, Venrock Associates, Venrock Associates II, L.P., Venrock Entrepreneurs Fund, L.P., Hambrecht & Quist California, H&Q Employee Venture Fund 2000, L.P., Access Technology Partners II, L.P., Access Technology Partners Brokers Fund, L.P., H&Q Cadant Investors, L.P., Chase Equity Associates, L.L.C., J.P. Morgan Partners, L.L.C., KB Partners Venture Fund II, L.P., KB Partners Affiliates Fund II, L.P., Stephan Oppenheimer, Eric

Copeland, C.H. Randolph Lyon, Keith Bank and Charles Walker ("defendants") have filed a motion to withdraw the reference of the adversary complaint filed against them by the former CDX Liquidating Trustee ("the Trustee") from the bankruptcy court.[1] For the reasons set forth below, the motion is denied.

## Background

On June 17, 2002, CDX Corporation, formerly known as Cadant, Inc. (the "Debtor") filed its voluntary Chapter 11 petition under the Bankruptcy Code. On November 7, 2002, after two modifications, the bankruptcy court confirmed a Pre-packaged Plan. The Plan included provisions for the commencement of the instant adversary complaint. The bankruptcy court closed the bankruptcy proceedings on November 1, 2004.

On June 16, 2004, the Trustee filed this adversary complaint in the bankruptcy court. The individual defendants are members of the Debtor's board of directors. Defendant Venture Law Group was the Debtor's general counsel. The remaining defendants provided financing to the Debtor. The Trustee alleges that defendants devised a scheme to enrich themselves at the Debtor's expense by causing the Debtor to take a series of short-term loans from the lender defendants on terms that ensured the Debtor would default and that the lender and board member defendants could obtain the Debtor's assets for themselves. Based on those alleged actions, the Trustee asserts claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duties, negligence, fraud, conspiracy and equitable subordination.[2]

---

[1] Defendant Venture Law Group does not join the motion.

[2] A similar action had been filed against the same parties by minority shareholders of the Debtor, but it was dismissed by Judge Holderman, who held that the claims belonged to the estate of the bankrupt corporation. *See Kennedy v. Venrock Assocs.*, No. 02 C 383 (N.D. Ill. Nov. 27,

## Discussion

The Court's power to withdraw part of a case from the bankruptcy court derives from 28 U.S.C. § 157, which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The first sentence of that provision describes permissive withdrawal, the second sentence describes mandatory withdrawal. *In re Conseco Fin. Corp.*, 324 B.R. 50, 53 & n.1 (N.D. Ill. 2005). Neither party argues that mandatory withdrawal applies, so we will confine our discussion to permissive withdrawal.

"Withdrawal of a reference is not intended to be an escape hatch from bankruptcy to district court." *In re HA 2003, Inc.*, No. 03 C 9008, 2004 WL 609799, at *2 (N.D. Ill. Mar. 24, 2004) (quotation omitted). Thus, withdrawal "is the exception, not the rule." *Id.* "The Court has broad discretion in determining whether to grant or deny a motion [for permissive] withdraw[al]." *In re Edgewater Med. Ctr.*, Nos. 04 C 3579 & 04 C 2330, 2004 WL 2921957, at *2 (N.D. Ill. Dec. 15, 2004). Among the factors to be considered in determining whether cause exists for permissive withdrawal are "judicial economy, convenience, . . . the particular court's knowledge of the facts, . . . . promoting the uniformity and efficiency of bankruptcy administration, reduction of forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial." *In re Sevko*, 143 B.R. 114, 117 (Bankr. N.D. Ill. 1992). The most

---

2002) (order granting motion to dismiss), *aff'd*, 348 F.3d 584, 591 (7th Cir. 2003), *cert. denied*, 541 U.S. 975 (2004).

important factor, however, is whether a proceeding is core or non-core, as efficiency, uniformity and judicial economy concerns are largely subsumed within it. *In re Conseco*, 324 B.R. at 53.

The Bankruptcy Code sets forth a number of actions that fall within the bankruptcy court's core jurisdiction. *See* 28 U.S.C. § 157(b)(2). Core matters are not limited to those listed in the statute, however: "Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code [such] that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law . . . ." *In re U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997). Non-core proceedings, on the other hand, are those only marginally related to the bankruptcy, often state-law causes of actions. *In re Conseco*, 324 B.R. at 53-54. This difference is important because bankruptcy courts may enter final orders and judgments in core proceedings but cannot do so in non-core matters. 28 U.S.C. § 157(b)(1), (c)(1).

The Trustee's claim of equitable subordination is a core claim because it arises under the Bankruptcy Code. *See* 11 U.S.C. § 510(c)(1); *see also In re Bill Cullen Elec. Contracting Co.*, 160 B.R. 581, 584-85 (Bankr. N.D. Ill. 1993) (finding that equitable subordination is core since it "invokes a substantive right provided by Title 11"). The Trustee's other claims, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, negligence, fraud and civil conspiracy, are generally not deemed to be core matters. *See, e.g., In re Iridium Operating L.L.C.*, 285 B.R. 822, 832 (S.D.N.Y. 2002) (stating that breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims are "[t]raditionally labeled non-core"); *In re Keck, Mahin & Cate*, No. 00 C 1761, 2001 WL 292559, at *3 (N.D. Ill. Mar. 19, 2001) (negligence claim is non-core); *Steege v. Northern Trust Bank/O'Hare, N.A.*, No. 96 C 742, 1996 WL 332428, at *2 (N.D. Ill. June 13, 1996) (fraud claim is non-core). However, a non-core claim will be considered core if it "arises

4

out of the same transaction as the creditor's proofs of claim . . . or . . . [its] adjudication . . . would require consideration of issues raised by the proofs of claim . . . such that the two claims are logically related." *In re Iridium*, 285 B.R. at 832.

According to the Trustee, that is the case here because the legal claims are inextricably intertwined with the equitable subordination claim. Equitable subordination allows the court to "subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim." 11 U.S.C. § 510(c)(1). To prevail on that claim, the Trustee must prove, among other things, that the defendants "'engaged in some type of inequitable conduct.'" *In re Lifschultz Fast Freight*, 132 F.3d 339, 344 (7th Cir. 1997) (quoting *In re Mobile Steel Co.*, 563 F.2d 692, 700 (5th Cir. 1977)). Fraud and breach of fiduciary duty are among the kinds of conduct considered to be inequitable. *Id.* at 345. Thus, the non-core fraud, breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims are intertwined with the core claim of equitable subordination. *In re Iridium*, 285 B.R. at 832; *see Germain v. Conn. Nat'l Bank*, 988 F.2d 1323, 1329 (2d Cir. 1993) ("If an equitable reordering cannot be accomplished without resolution of what would otherwise be a legal dispute, then that dispute becomes an essential element of the broader equitable controversy."). Because those claims are enmeshed with the equitable subordination claim, they should be treated as core claims.

The fact that the Trustee primarily asserts core claims does not end the inquiry, however, because defendants say that they are entitled to a jury trial. The Supreme Court established a two-part test to determine whether a claim includes a right to a jury trial. First, the court must decide whether the action would historically have been brought in a court of law or a court of equity. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). Second, and more importantly, the court must "examine the remedy sought and determine whether it is legal or equitable in nature."

5

*Id.* "Historically, actions based on breaches of fiduciary duty have sounded in equity," *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 487 F. Supp. 999, 1005 (S.D.N.Y. 1980), while suits for negligence and fraud have been construed as legal claims. *See In re Keck*, 2001 WL 292559, at *2 (negligence); *In re Heartland Chems., Inc.*, 103 B.R. 1018, 1020 (Bankr. C.D. Ill. 1989) (fraud). The remedy the Trustee seeks for all of these claims, however, is money damages. Because the nature of the remedy trumps historical labels, the Court finds "on balance, [that] these two factors indicate . . . [defendants are] entitled to a jury trial" on the Trustee's claims. *Granfinanciera*, 492 U.S. at 42.

A creditor can waive its right to a jury trial, however, by filing a proof of claim against the bankruptcy estate. *Id.* at 58. As the Supreme Court explained in *Langenkamp v. Culp*, 498 U.S. 42 (1990):

> In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction*. If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial. Accordingly, a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate.

*Id.* at 44-45 (quotation and citations omitted) (emphasis in original). Ten of the seventeen defendants – J.P. Morgan Partners (BHCA), L.P., Venrock Associates, Venrock Associates II, L.P., Venrock Entrepreneurs Fund, L.P., KB Partners Venture Fund II, L.P., KB Partners Affiliates Fund II, L.P., Keith Bank, Charles R. Walker, Stephan Oppenheimer and Eric S. Copeland – have

filed proofs of claim in the bankruptcy court. By doing so, these ten defendants waived their right to a jury trial on the claims the Trustee asserts against them. *Id.*

Fortunately for these defendants, however, the Trustee included a jury demand in the adversary complaint. According to Federal Rule of Civil Procedure 38, which Federal Rule of Bankruptcy Procedure 9015 makes applicable to bankruptcy proceedings, "[a] demand for trial by jury . . . may not be withdrawn without the consent of the parties." FED. R. CIV. P. 38(d). Because these defendants have not consented to the withdrawal of that demand, they are entitled to a jury trial on the Trustee's claims.

The remaining defendants, Hambrecht & Quist California, H&Q Employee Venture Fund 2000, L.P., Access Technology Partners, L.P., Access Technology Partners Brokers Fund, L.P., H&Q Cadant Investors, L.P., Chase Equity Associates, LLC, C.H. Randolph Lyon and Venture Law Group, did not file proofs of claim. The Trustee contends however, that the proof of claim of J.P. Morgan Partners (BHCA) L.P., to whom all but one of these defendants are related, may be attributable to them. Even if that is true, an issue we do not decide, the non-filing defendants would still have the right to a jury trial by virtue of the Trustee's jury demand.

Given the defendants' jury trial rights, and their apparent unwillingness to consent to a trial before the bankruptcy court, any trial in this case must take place in this Court. *See* 28 U.S.C. § 157(e) (bankruptcy courts are empowered to hold jury trials in core matters but only "with the express consent of all the parties"); *see also In re Grabill Corp.*, 967 F.2d 1152, 1158 (7th Cir. 1990) ("Where a jury trial is required by the Seventh Amendment, that trial must be held in the district court . . . ."). But that does not mean that the case must be withdrawn from the bankruptcy court right now. On the contrary, it makes little sense to withdraw the case at this stage given the bankruptcy court's familiarity with the parties and the complex facts of the case and its three-year

tenure presiding over the bankruptcy proceedings. Leaving all pre-trial matters, including the fully briefed motion to dismiss, in Judge Wedoff's capable hands will make the best use of the courts' and the parties' resources and eliminate any forum-shopping concerns. *See, e.g., In re Conseco*, 324 B.R. at 54-56 (denying as premature motion to withdraw reference in core matter to which jury trial attached because interests of judicial economy, conservation of parties' resources, reduction of forum-shopping and uniform administration of bankruptcy would be served by leaving case in bankruptcy court until trial); *ABC-NACO, Inc. v. Klos Trucking, Inc.*, No. 04 C 0033, 2004 WL 728190, at *2 (N.D. Ill. Mar. 31, 2004) (same). If, at some future point, this case is ready for trial and defendants do not wish to proceed in the bankruptcy court, they may renew their motion to withdraw.

## Conclusion

For all the reasons stated above, defendants' motion to withdraw the reference [doc. no. 1] is denied without prejudice. This case is hereby terminated.

**SO ORDERED.**                                         ENTERED: 8/10/05

HON. RONALD A. GUZMAN
United States District Judge