UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CDX LIQUIDATING TRUST by the<br>CDX LIQUIDATING TRUSTEE, | )<br>)<br>) | |
| Plaintiff, | )<br>) | 04 C 7236 |
| v. | )<br>) | |
| VENROCK ASSOCIATES, VENROCK<br>ASSOCIATES II, L.P., HAMBRECHT<br>& QUIST CALIFORNIA, H & Q EMPLOYEE<br>VENTURE FUND 2000, L.P., ACCESS<br>TECHNOLOGY PARTNERS, L.P., ACCESS<br>TECHNOLOGY PARTNERS BROKERS FUND,<br>L.P., H & Q CADANT INVESTORS, L.P., CHASE<br>EQUITY ASSOCIATES, L.L.C., J.P. MORGAN<br>PARTNERS (BHCA), L.P., KB PARTNERS<br>VENTURE FUND II, L.P., KB PARTNERS<br>AFFILIATES FUND II, L.P., ERIC COPELAND,<br>C.H. RANDOLPH LYON, STEPHAN<br>OPPENHEIMER, KEITH BANK, CHARLES<br>WALKER, and VENTURE LAW GROUP, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Honorable Charles R. Norgle |
| Defendants. | ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Plaintiff CDX Liquidating Trustee's Motion and Memorandum of Law to Withdraw the Reference. For the following reasons, the Motion is granted.

### I. BACKGROUND

This case arises out of a Chapter 11 bankruptcy proceeding. The CDX Corporation ("CDX"), formerly known as Cadant, Inc. ("Cadant"), was founded in 1998 as a Maryland corporation in the business of providing cable modem systems for home computer high-speed

1

internet access. The complaint that forms the basis for this adversary proceeding alleges that, from January 2000 until May 2001, all or most of the Defendants spurned legitimate third-party financing in order to engage in self-dealing bridge loans on terms highly unfavorable to Cadant. The complaint further alleges that the rejection of these offers was predicated on continued assurances from certain Defendants, particularly agents of Venrock and J.P. Morgan, that these Defendants would support the company with fair and equitable financing. The Trustee further alleges that subsequent to gaining control of Cadant through bridge loans, Defendants sold Cadant in a conflicted transaction to Arris Group, Inc. ("Arris") at a fire sale price. The Defendant bridge lenders recovered funds through this sale, but the shareholders allegedly received nothing.

Following the sale to Arris, CDX filed a petition under Chapter 11 of the federal Bankruptcy Code in June 2002. The Honorable Eugene R. Wedoff, presiding in the United States Bankruptcy Court for the Northern District of Illinois, approved a reorganization plan in November 2002. On November 1, 2004, Judge Wedoff closed all bankruptcy proceedings related to CDX. All that remains of this case is therefore this adversary proceeding, which was filed on June 16, 2004.

The complaint in the adversary proceeding initially listed sixteen causes of action. Defendants moved to strike the entire complaint pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6). Judge Wedoff granted the motion in part, but denied the motion with respect to the Trustee's claims for breach of fiduciary duty, aiding and abetting breaches of fiduciary duty, civil conspiracy to breach fiduciary duties, and equitable subordination. On November 5, 2004, Defendants filed a Motion to Withdraw the Reference to the Bankruptcy

Court. This Motion was filed in the District Court of the Northern District of Illinois, and was initially before the Honorable Judge Guzman.

On August 10, 2005, Judge Guzman issued a Memorandum Opinion and Order denying Defendants' Motion to Withdraw Reference. In his Opinion and Order, Judge Guzman determined, *inter alia*, that (1) although certain Defendants had waived their right to a jury trial by filing proofs of claim, those same Defendants were entitled to rely on the Trustee's jury demand included in his adversary complaint, (2) given Defendants' repeated refusal to consent to a jury trial in the Bankruptcy Court, any trial in this case must take place before the District Court, (3) although a withdrawal of reference was not appropriate at that time, the court would reconsider the matter when the case was ready for trial, and (4) the Bankruptcy Court should preside over all pre-trial matters through the close of discovery.

In October 2006, the Trustee filed the instant Motion to Withdraw Reference. On February 12, 2007, Judge Guzman recused himself, and the Executive Committee reassigned this case to the Honorable Judge Filip. Judge Filip then struck the Trustee's Motion to Withdraw Reference without prejudice. On March 9, 2007, Judge Filip reinstated the case, deemed the Trustee's Motion filed instanter, and ordered that the parties stand on their previously filed briefs. On May 23, 2007, Judge Filip recused himself, and the case was reassigned to the Honorable Judge Norgle.

Meanwhile, Defendants filed a motion to strike the Trustee's jury demand, along with a motion to withdraw their own jury demand, in the Bankruptcy Court. Judge Wedoff granted Defendants' motion to withdraw their jury demand, but denied the motion to strike the Trustee's jury demand. Subsequently, one of the Defendants filed a motion for summary judgment. Judge

Wedoff denied that motion. Presently, the Trustee represents that fact discovery in the adversary proceeding is nearly complete, and that the parties have engaged in unsuccessful settlement discussions. The Trustee's Motion to Withdraw Reference is fully briefed and before the court.

## II. DISCUSSION

28 U.S.C. § 157(d) provides, "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion, or on timely motion of any party, for cause shown." The Trustee asserts that "cause" for withdrawing the reference exists for the following reasons: (1) the underlying bankruptcy case has been closed for approximately two years, (2) none of the causes of action in the adversary proceeding arise from, relate to, or require the application of, any portion of the Bankruptcy Code, (3) discovery is nearly complete, (4) the District Court and the Bankruptcy Court have ruled that the claims in this case are appropriate for a jury trial, (5) attempts at settling this case have failed, and the case will likely proceed to trial, (6) Defendants have repeatedly asserted that they will not agree to a jury trial in the Bankruptcy Court, and (7) this motion is timely.

Bankruptcy courts may only conduct jury trials (1) if specifically designated to do so by the district court and (2) with the consent of the parties. 28 U.S.C. § 157(e). The Bankruptcy Court for the Northern District of Illinois is designated to conduct jury trials. However, Defendants have consistently indicated to the Trustee and the District Court that they will not consent to a jury trial in the Bankruptcy Court. As the court will explain below, it agrees with the Trustee's assertion that it has a right to a jury trial. This jury trial must therefore be held in the District Court.

In his August 10, 2005 Memorandum Opinion and Order, Judge Guzman determined that the claims brought by the Trustee were appropriate for jury trial. Judge Guzman first noted that the Trustee's claim of equitable insubordination was a "core claim" usually handled by the Bankruptcy Court. Mem., at 4. However, Judge Guzman explained that when looked at as a whole, the Trustee's complaint (which included counts of breach of fiduciary duty, aiding and abetting breaches of fiduciary duty, civil conspiracy to breach fiduciary duty, and equitable insubordination) established a right to a jury trial because "[t]he remedy the Trustee seeks for all of these claims . . . is money damages." Id. at 6. In reaching this decision, Judge Guzman cited, *inter alia*, Granfinanciera, S.A. v. Norgberg, 492 U.S. 33, 42 (1989), which established a two-part test to determine whether a complaint established the right to a jury trial: a court should first inquire into whether the action is one traditionally brought in a court or law or equity, and second, (and most importantly) the court should ask whether the remedy sought is legal or equitable in nature. Judge Guzman also explained that although ten Defendants had waived their right to trial by jury by filing a proof of claim against the bankruptcy estate, citing Granfinanciera, 492 U.S. at 58 and Langenkamp v. Culp, 498 U.S. 42 (1990), because the Trustee had included a jury demand in its adversary complaint, and Defendants had not consented to a withdrawal of that demand, the right to a jury trial was preserved. See FED. R. CIV. P. 38(d).

Judge Guzman's determination that the Trustee's claims established a right to a trial by jury establishes the "law of the case." See Arizona v. California, 460 U.S. 605, 618 (1983) ("As most commonly defined, [the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same

5

case."); see also Jarrard v. CDI Telcoms., Inc., 408 F.3d 905, 911-12 (7th Cir. 2005). Absent some "intervening change in the law, or some other special circumstance," this court will not reexamine Judge Guzman's decision. See EEOC v. Sears, Roebuck & Co., 417 F.3d 789, 796 (7th Cir. 2005). Defendants have provided the court with no indication that the law has changed regarding the right to a jury trial, or that special circumstances exist that would necessitate a reexamination of this matter. Likewise, Judge Wedoff's determination that the Trustee has not waived his right to a jury trial by voluntarily filing for bankruptcy protection establishes the law of the case on that issue, and the court can find no good reason to disturb this ruling. See Arizona, 460 U.S. at 618; EEOC, 417 F.3d at 796.

Judge Guzman clearly indicated that when this matter was ready for trial, the trial should take place in the District Court, before a jury. Mem., at 7. The Trustee asserts, and Defendants do not dispute, that this case is ready for trial. A jury trial will therefore take place in the District Court.

### III. CONCLUSION

For the foregoing reasons, CDX Liquidating Trustee's Motion to Withdraw the Reference is granted.

IT IS SO ORDERED.

ENTER:

*/s/ Charles Norgle/*

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: June 4, 2007

6